FILED
 2013 Feb-15  PM 03:06
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, } | |
| } | |
| v.  } | Case No.: 2:12-cr-00443-RDP-HGD |
| } | |
| JONATHAN E. LYERLY, } | |
| } | |
| Defendant.  } | |

## MEMORANDUM OPINION

Before the court is Defendant Jonathan E. Lyerly's Motion to Dismiss (Doc. #9), filed November 2, 2012, requesting that Count One of the Government's Information (Doc. #1) be dismissed on the ground that it is barred by the statute of limitations.

On October 3, 2012, the Government filed an Information charging Defendant with three counts of Willfully Failing to File a U.S. Individual Income Tax Return (misdemeanor tax evasion) under 26 U.S.C. § 7203.  (Doc. #1).  This matter concerns the first count, which charges that Defendant, having received a six-month extension, willfully failed to filed his 2005 income tax return by the extended deadline of October 16, 2006.  (Doc. #1 at 1).  The applicable period of limitations in this case is not at issue – the parties agree that it is six years.  (Doc. #9 at 1; Doc. #13 at 1).  What is at issue here is when the statute of limitations began to run.  The Government maintains that the limitations period began to run on October 17, 2006, the first day when Defendant's conduct actually became illegal.  (Doc. #13 at 2-3).  Defendant contends, however, that the limitations period instead began on April 17, 2006, the unextended deadline for filing a 2005 individual tax return.  (Doc. #15 at 1-2).  Under the former interpretation, Count One of the

Information was timely filed; under the latter interpretation, it is due to be dismissed due to the statute of limitations.

The parties have submitted briefs and the court has received the Report and Recommendation of Magistrate Judge Harwell G. Davis, III. Having carefully reviewed the entire record, the court finds that Defendant's Motion to Dismiss is due to be denied.

The following facts are uncontested. Defendant is charged with violating 26 U.S.C. § 7203, which provides in pertinent part that "[a]ny person required under this title to pay any . . . tax . . . who willfully fails to pay such . . . tax . . . at the time or times required by law or regulations, shall . . . be guilty of a misdemeanor." The statute of limitations for a violation of Section 7203 is six years. 26 U.S.C. § 6531(4). The normal deadline for filing individual federal income taxes is April 15, unless that date falls on a weekend or legal holiday, in which case the deadline is extended to the next day that does not fall on a weekend or legal holiday. 26 U.S.C. § 6072(a). In 2006, April 15th fell on a Saturday, therefore, the deadline for filing a 2005 individual tax return was Monday, April 17, 2006. A taxpayer may, however, apply for an automatic extension. 26 U.S.C. § 6081. The length of the automatic extension period available in 2006 was six months. Temp. Tres. Reg. § 1.6081-4T(a) (2005). Defendant applied for and received a six month extension, moving the deadline for him to file his 2005 individual tax return from April 17, 2006 to October 17, 2006. (Doc. #1 at 1). Defendant received gross income of $169,960 in 2005, but never filed his 2005 individual tax return. (Doc. #1 at 1-2).

Determining when statutes of limitations begin to run is usually straightforward: "(s)tatutes of limitations normally begin to run when the crime is complete." *Toussie v. United States*, 397 U.S. 112, 115 (1970) (quoting *Pendergast v. United States*, 317 U.S. 412, 418 (1943)). However, because

statutes of limitations are legislative acts, Congress can, within constitutional limits, depart from the default rule through clear and explicit legislation. Defendant argues that Congress has indeed legislated a different rule for calculating the limitations period for Section 7203 violations.

The sole authority Defendant cites in arguing this position is *United States v. Doelker*, 211 F.Supp. 663 (N.D. Ohio 1962).  In *Doelker*, the Northern District of Ohio faced the same question before this court today.  To determine when the statute of limitations commenced, the *Doelker* court looked to the section of the Internal Revenue Code that sets statues of limitations, 26 U.S.C. § 6531, which states, in relevant part:

> **§ 6531. Periods of limitation on criminal prosecutions**
>
> No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years –
> . . .
>     (4) for the offense of willfully failing to pay any tax, or make any return (other than a return required under authority of part III of subchapter A of chapter 61) at the time or times required by law or regulations;
>
> . . . For the purposes of determining the periods of limitations on criminal prosecutions, the rules of section 6513 shall be applicable.

Focusing on the last sentence of Section 6531, the court turned its attention to Section 6513(a), which states:

> **§ 6513. Time return deemed filed and tax considered paid**
>
> **(a) Early return or advance payment of tax**. - For purposes of section 6511, any return before the last day prescribed for the filing thereof shall be considered as filed on such last day. For purposes of section 6511(b) 2 and (c) and section 6512, payment of any portion of the tax made before the last day prescribed for the payment of the

> tax shall be considered made on such last day. For the purposes of this subsection, the last day prescribed for filing the return or paying the tax shall be determined without regard to any extension of time granted the taxpayer and without regard to any election to pay the tax in installments.

*Doelker*, 211 F.Supp. at 663 (citing 26 U.S.C. § 6513(a)). The *Doelker* court interpreted the language in the last sentence to indicate an intent by Congress to "provide the end of the 15th day of April . . . as the time at which the period of limitations was to commence, notwithstanding the extension of time granted to the Defendant." 211 F.Supp. at 665. While acknowledging that "the last sentence of Section 6513(a) is limited by its own provisions to the 'purposes of this subsection,'" the *Doelker* court nonetheless concluded that "one of the 'purposes' of Section 6513(a) is the determination of the commencement of the periods of limitations which are contained in Section 6531" and concluded that Section 6513(a) imposes the same commencement date, the last date prescribed by law disregarding extensions, for all of the statutes of limitations under 26 U.S.C. § 6531. *Id.* Defendant adopts the reasoning of *Doelker* and asserts that the statute of limitations for Count One of the Information commenced on April 17, 2006.

      The court has reviewed the *Doelker* decision but finds that it is not binding on this court. Moreover, *Doelker's* interpretation of the Internal Revenue Code is simply not well reasoned and, in any event, is inconsistent with an intervening Supreme Court decision. First, *Doelker* ignores the clear language of Section 6513(a). That statutory provision applies only to *early returns or advance payments of tax*. 26 U.S.C. § 6513(a). Indeed, the *Doelker* court ignored this detail, never mentioning that Section 6513(a) applies only to early returns and advance payments despite the unambiguous title of the subsection. Admittedly, the *Doelker* court acknowledged that "Section 6513(a) is limited by its own terms to the purposes of the subsection," but it quickly rejoined that

4

"one of the 'purposes' of Section 6513(a) is the determination of the commencement of the periods of limitations which are contained in Section 6531." 211 F.Supp. at 665 (internal quotations omitted). The *Doelker* court reached this conclusion based on the last sentence of Section 6531 indicating that, "[f]or the purposes of determining the periods of limitations on criminal prosecutions, the rules of Section 6513 shall be applicable." *Id.* (citing 26 U.S.C. § 6531).

Even a cursory glance at 26 U.S.C. § 6513 reveals two fatal flaws with the *Doelker* court's reading of Section 6531. First, the last sentence of Section 6531 indicates that "the rules of Section 6513 shall be applicable," not that the rules of Section 6513 shall *apply exclusively* to all the periods of limitations contained in Section 6531. The fallacy of such a reading is made abundantly obvious by the second way the *Doelker* court misread Section 6531: whereas Section 6531 indicates that the rules of Section 6513 shall be applicable, the court applied only the rule of Subsection 6513(a). There are seven other subsections under Section 6513, each of which includes a separate commencement date for the limitations period. *See* 26 U.S.C. § 6513. While Subsections 6513(b)(2), 6513(b)(3), and 6513(e) prescribe the same deadline as Subsection 6513(a), not all of these subsections impose the same commencement date as Subsection 6513(a). Subsections 6513(b)(1), 6513(c)(1), and 6513(c)(2) set the filing date strictly at April 15 (with no extensions for weekends or federal holidays). Subsection 6513(d) prescribes a commencement date an entire year after the date prescribed by Subsection 6513(a). The existence of multiple provisions in Section 6513 articulating commencement dates belies the assertion that Congress intended for the timeline put forth in Subsection 6513(a) to apply to all statutes of limitations in Section 6531. Subsections imposing the same commencement date as Section 6513(a) would be superfluous if Congress intended for Subsection 6513(a) to govern all periods of limitations. Subsections articulating

5

different commencement dates than Subsection 6513(a) present prima facie evidence that Congress intended to impose different commencement times for different situations. None of the subsections under Section 6513, however, are relevant to the instant case because none of them concern the failure to pay a tax that is overdue.

Rather, the applicable commencement date is explicitly articulated in the first sentence of the section of the Internal Revenue Code articulating the periods of limitations on criminal prosecutions. Title 26 U.S.C. § 6531 provides in relevant part, that "no person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years ***next after the commission of the offense***." (Emphasis added.)

The reasoning in *Doelker* is worth dissecting here. Six years after *Doelker* was decided, the Supreme Court, in *United States v. Habig*, 390 U.S. 222 (1968), directly examined the interpretation espoused by the *Doelker* court and emphatically rejected it. In *Habig*, the Supreme Court examined a reading of Sections 6531 and 6513 identical to the interpretation reached by the *Doelker* court[1] and found that such an interpretation "cannot be squared with the language of the Code or the intent of Congress." 390 U.S. at 225. With regard to the plain language of the Code, the Court found that "[t]here is no reason to believe that § 6531, by reference to the 'rules of section 6513' expands the effect and operation of the latter beyond its own terms so as to make it applicable to situations other than those involving early filing or advance payment." *Id.* An examination of the legislative history further confirmed the Supreme Court's view that Congress intended Subsection 6513(a) to apply

---

[1] The Supreme Court specifically cited *Doelker* as one of several decisions that reached an erroneous interpretation of the statute. *Habig*, 390 U.S. at 224.

only to early filing or advance payment. *Id.* at 226. Additionally, the Supreme Court pointed out the problems inherent with an interpretation that would provide for a limitations period beginning to run before taxes are due. *Id*. at 224-25 (finding that such an interpretation that "is necessarily based on the surprising assertion that Congress intended the limitations period to begin to run before appellees committed the acts upon which the crimes were based.").

Since *Habig*, the interpretation reached by *Doelker* has been universally rejected. The Sixth Circuit, which had affirmed *Doelker*, reversed course in *United States v Sams*, 865 F.2d 713, 715 (6th Cir. 1988) and adopted the ruling of *Habig*. More importantly, the Eleventh Circuit, in *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992), formally recognized the *Habig* rule.[2]

The overwhelming weight of authority is clear in answering the question presented here. The plain language of the statute itself, the Supreme Court, the Eleventh Circuit, and other courts all agree that the period of limitations begins to run when the offense has been committed. In fact, even Defendant acknowledges (to a degree) that this is the rule. In his objections to Judge Davis' Report and Recommendation, Defendant argues that "§[ ]6531 provides that [the] statute [of limitations] begins to run **after the commission of the offense**." (Doc. #20 at 1) (emphasis in the original).[3]

Defendant next contends that it is impossible to calculate the period of limitations because "[t]here is no statute that specifically states when the alleged crime was committed." (Doc. #20 at 1). The Supreme Court has answered that question as well, as acknowledged by the dissent in

---

[2] *Winfield* concerned a violation of Section 7201 (felony tax evasion) rather than the crime alleged in the instant case, Section 7203 (misdemeanor tax evasion); however, the Eleventh Circuit rested its decision on the broader principle that Congress intended "that the limitations period should begin to run at the time the defendant commits the acts upon which the crime is based." 960 F.2d at 974.

[3] The court acknowledges the virtue of being able to see both sides of the argument, but notes that lawyers are in no way obligated to *argue* both sides of the argument.

*Toussie*. With the exception of continuing offenses, "an offense is complete as soon as every element in the crime occurs, and the statute of limitations begins to run from that date." *Toussie*, 397 U.S. at 124 (White, J., dissenting). The elements of the crime of misdemeanor tax evasion under 26 U.S.C. § 7203 are: (1) willfulness, and (2) the "fail[ure] to perform a number of specified acts at the time required by law-the one here relevant being the failure to pay a tax when due." *Sansone v. United States*, 380 U.S. 343, 351 (1965); *see also Spies v. United States*, 317 U.S. 492, 499 (1943). Therefore, a trier of fact may find that a violation of Section 7203 has been committed when a defendant willfully failed to pay a tax when it was due.

Defendant argues that because the date on which he willfully failed to pay taxes is a determination for a jury and the Government has not presented any evidence of when Defendant committed some act manifesting willful failure to file a return, the court should find for the party moving for dismissal on this issue. (Doc. #20 at 3). This argument misses the mark. Because the motion currently before the court is Defendant's Motion to Dismiss, the allegations of the Information and the unchallenged statements of the Government must be accepted as true. *See United States v. Sampson*, 371 U.S. 75, 78-79 (1962). Count One of the Information alleges that defendant willfully failed to file his tax return by October 16, 2006. (Doc. #1 at 1-2). Using that date as the date upon which the period of limitations began to run, the Information, filed on October 3, 2012, falls within the six-year limitations period for Defendant's alleged Section 7203 violation on October 17, 2006.

Moreover, even if the Government had not specifically alleged a date on which Defendant willfully failed to file a tax return, Count One of the Information would still have been timely filed. Based on the uncontested facts, the earliest date Defendant *could* have committed a violation of

Section 7203 (and, therefore, the start date of the period of limitations) was October 17, 2006, the date Defendant's lawful delay in paying taxes became an unlawful one.  Defendant could not have committed a violation of Section 7203 before October 17, 2006 because it is surely not a crime to fail to pay taxes *early*.  Any date between October 17, 2006 and the filing of the Information on October 3, 2012 would fall within the six-year limitations period.

Therefore, for all the aforementioned reasons, Defendant's Motion to Dismiss Count One of the Information due to the Statute of Limitations is due to be denied.  A separate order in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this   15th   day of February, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE