FILED
 2013 May-13 PM 04:22
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** } | |
| } | |
| v. } | Case No.: 2:12-cr-00443-RDP-HGD |
| } | |
| **JONATHAN E. LYERLY,** } | |
| } | |
| **Defendant.** } | |

### MEMORANDUM OPINION

Before the court is Defendant's Motion for Reconsideration (Doc. #55) (filed under seal) requesting the court to reconsider its Order (Doc. #50) (filed under seal) and Memorandum Opinion (Doc. #50) (filed under seal) rendered on April 10, 2013 regarding the Government's Motion in Limine to exclude expert evidence related to Defendant's mental condition (Doc. #25) (filed under seal). After careful consideration, the court finds that the motion (Doc. #55) is due to be denied.

Defendant has moved the court to amend its previous Order and Memorandum Opinion with regard to three sections. First, Defendant objects to the use of the terms "tax evasion" and "failing to pay" in the first sentence of the second paragraph of the Memorandum Opinion (Doc. #49 at 1). (Doc. #55 at 1). Second, Defendant argues that the Memorandum Opinion erroneously assumes that Dr. Bair's opinion was based on a single consultation. (Doc. #55 at 2). Finally, Defendant asks the court to reverse its decision based on the case of *United States v. Staggs*, 553 F.2d 1073 (7th Cir. 1997). (*Id.*). The court addresses each of these arguments in turn.

    1.    **Use of the Terms "Tax Evasion" and "Failing to Pay"**

The relevant sentence in the court's previous Memorandum Opinion which Defendant questions states, in full, that:

> Defendant has been charged with three counts of misdemeanor tax evasion under 26 U.S.C. § 7203 for failing to pay his personal income taxes in 2006, 2007, and 2008.

(Doc. #49 at 1) (filed under seal). Defendant objects to the use of the terms "tax evasion" and "failing to pay," both on the ground that they misrepresent the Information. The arguments related to each of these terms are slightly different, so the court will address each term separately.

First, Defendant argues that use of the term "tax evasion" is inappropriate because Defendant was not charged with felony "tax evasion" under § 7201, but with a misdemeanor violation of § 7203. (Doc. #55 at 1-2). This is a strawman argument. The court did not say that Defendant is charged with felony tax evasion under § 7201, but that he is "charged with three counts of misdemeanor tax evasion under 26 U.S.C. § 7203." (Doc. #49 at 1). The court is well aware that a § 7201 violation is a felony and a § 7203 violation is a misdemeanor. Courts have long distinguished the two by referring to the former as "felony tax evasion" and the latter as "misdemeanor tax evasion."[1] The term "misdemeanor tax evasion" is, of course, a shorthand for "willful failure to file return, supply information, or pay tax in violation of 26 U.S.C. § 7203." To help ensure that a reader might not accidentally read "misdemeanor tax evasion" to mean "felony tax evasion," the court specifically indicated that Defendant was charged with three violations of 26 U.S.C. § 7203. (Doc. #49 at 1).

Defendant next argues that the Memorandum Opinion incorrectly asserts that he is being prosecuted for wilfully failing to "pay" his taxes when, in fact, the Information charges that he

---

[1] *See e.g. United States v. Winfield*, 960 F.2d 970, 972 (11th Cir. 1992); *United States v. Brown*, 548 F.2d 1194, 1199 (5th Cir. 1977); *United States v. Schafer*, 580 F.2d 774, 781 (5th Cir. 1978); *United States v. Thompson*, 518 F.3d 832, 866 n.18 (10th Cir. 2008).

2

willfully failed to "file" his tax return.[2] (Doc. #55 at 2) (filed under seal). Indeed, Defendant further asserts, he had actually filed and paid his 2005, 2006, and 2007 tax returns on October 13, 2010. (*Id.*). Defendant's argument does not hold water.

The Information clearly and explicitly charges Defendant with three violations of 26 U.S.C. § 7203. (Doc. #1 at 1-3). The relevant provisions of the statute state that:

> Any person required under this title to **pay** any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who **willfully fails to pay** such estimated tax or tax, make such return, keep such records, or supply such information, **at the time or times required by law or regulations**, shall, in addition to other penalties provided by law, be guilty of a misdemeanor...

26 U.S.C. § 7203 (emphasis added). As the statute makes clear, Defendant is charged with willfully failing *to pay* his taxes. Furthermore, whether Defendant, in October 2010, paid taxes that were years overdue is irrelevant; he is required by statute to have paid them *at the time or times required by law or regulations*.

### 2. Dr. Bair's Consultations

Defendant next objects that the Memorandum Opinion "assumes, erroneously, that Dr. Bair's opinion was 'based on a single consultation.'" (Doc. #55 at 2) (filed under seal). Dr. Bair, Defendant points out, examined Defendant on multiple occasions. (*Id.*). This argument, however, misses the point. What was at issue in the Government's Motion in Limine (Doc. #25) (filed under seal) was the admissibility of Defendant's proffered evidence, not how many times Dr. Bair saw Defendant. The Motion in Limine at issue in the Memorandum Opinion concerned a single-paged report by Dr.

---

[2] Whether a person can pay his taxes without filing a tax return is a question the court will leave for philosophers to resolve.

Bair that Defendant intended to use at trial. (Doc. #21 at 2) (filed under seal). None of the records that Defendant has now introduced in this Motion for Reconsideration (Doc. #55 at 6-18) were included in that Notice (Doc. #21). As a result, the Government's Motion in Limine concerned only that single-paged report by Dr. Bair. (Doc. #25 at 1). Therefore, in considering the Government's motion, it was only appropriate to examine just that report.

Dr. Bair's report begins by stating that:

> [Defendant] was seen for **a mental health consultation on October 28, 2009**. His **evaluation** included a Clinical Interview with both he [sic] and his wife Sharon, and a Mental Status Examination. **This evaluation** resulted in a diagnosis of Simple Phobia (DSM IV 300.29) and Panic Disorder (300.01). He was also found to have obsessive and compulsive personality and behavioral features, but these did not rise to a level that would result in a formal diagnosis. All other aspects of his psychological functioning were within normal limits[,] including an absence of a personality disorder...

(Doc. #21 at 2) (filed under seal) (emphasis added). Only one evaluation is mentioned in the report. Nevertheless, regardless of how many evaluations have actually taken place, when evaluating the contents of the report, the court examines what is said *in the report*.

In any case, the number of consults involved here is inconsequential. What was at contest in the Government's Motion in Limine was not Dr. Bair's familiarity with Defendant, but whether Dr. Bair's report is admissible evidence. With that, the court turns to the real crux of Defendant's argument.

    **3.** *Staggs v. United States*

Finally, Defendant argues that the court shall reconsider its ruling because the Memorandum Opinion "overlooked the case of *United States v. Staggs*" and proceeds to argue that the Eleventh Circuit, in *United States v. Cameron*, 907 F.2d 1051 (11th Cir. 1990), adopted the Seventh Circuit's

reasoning in *Staggs*. (Doc. #55 at 2) (filed under seal). Defendant has already made this argument. (Doc. #41 at 1) (filed under seal), and the court has already considered it.

The Insanity Defense Reform Act of 1984 (the "IDRA"), 18 U.S.C. § 17, eliminates all affirmative defenses or excuses based on mental illness other than the insanity defense. The Eleventh Circuit, in *United States v. Cameron*, 907 F.2d 1051 (11th Cir. 1990), considered whether the IDRA also prohibited the use of psychological evidence to negate specific intent, in addition to prohibiting the use of psychological evidence in proving an affirmative defense other than insanity (by eliminating all affirmative defenses other than insanity). *Cameron* actually answers two questions: (1) can psychological evidence be used *at all* for the purpose of negating specific intent; and (2), if so, *what kinds* of psychological evidence can be used to negate specific intent? The Eleventh Circuit mentioned *United States v. Staggs* in answering the first question. In *Cameron*, it expounded, in relevant part, that:

> [*Staggs*] provides an example of the appropriate use of "psychiatric evidence to negate specific intent." Mr. Staggs was charged with threatening to shoot a policeman. He denied making the threat and sought to introduce psychiatric evidence that he suffered from a mental condition that made it highly unlikely that he would make such a threat. The Seventh Circuit reversed the district court's exclusion of this evidence since it did not imply a legal excuse for the conduct engaged in by Staggs, nor did it suggest a theory of unconscious motivation or lack of volitional control. The evidence instead shed light on whether Staggs possessed a specific state of mind that would make him guilty of a more serious crime than his conduct alone would support.

*Cameron*, 907 F.2d at 1067. A careful reading of *Staggs* reveals that what the Eleventh Circuit paid attention to in *Staggs* was not whether the specific holding in that case was correct; in fact, the

5

Seventh Circuit itself later acknowledged that *Staggs* was wrongly decided.[3] Rather, the Eleventh Circuit praised the *Staggs* panel for recognizing that psychological evidence introduced to attack a specific intent element of a crime, as opposed to psychological evidence used to support an affirmative defense, may be admitted into evidence. This principle is uncontested here. What is at issue in this case is the second question: given that psychological evidence can be used to negate specific intent, *what kinds* of psychological evidence can be used?

The Eleventh Circuit answered that question in two parts. Before discussing *Staggs*, the Eleventh Circuit cautioned that the psychiatric evidence used to negate specific intent must actually be psychiatric evidence used to negate specific intent. "When a defendant claims to have psychiatric evidence that she 'lacked the capacity' or was 'incapable' of forming the intent necessary for the crime charged," the Eleventh Circuit observed, "most often that defendant is speaking of an incapacity to reflect or control the behaviors that produced the criminal conduct. Such evidence is not 'psychiatric evidence to negate specific intent' and should not be admitted." *Cameron*, 907 F.2d at 1066. After discussing *Staggs*, the Eleventh Circuit further warned that, because psychiatric evidence "presents an inherent danger that it will distract the jury," district courts "must examine such psychiatric evidence carefully to ascertain whether it would, if believed, "support a *legally acceptable* theory of lack of *mens rea*." *Id.*

The point is that Defendant is precluded from presenting *any* psychological evidence to attack the specific intent element of the charges against him. As the court already noted in the

---

[3] *See United States v. Ricketts*, 146 F.3d 492, 497-98 (7th Cir. 1998) (recognizing that *Staggs* incorrectly treated a general intent crime and a specific intent crime, in which case the admission of psychological evidence was inappropriate, and warning courts to guard against the admission of psychological testimony that alleges that a defendant's mental illness rendered him unable to fully control his actions.

Memorandum Opinion, some forms of psychological evidence, to the extent that they would tend to show that Defendant *actually* lacked specific intent *at the time of the commission of the offense*, could be admissible. (Doc. #49 at 6) (filed under seal). However, *this* evidence - the report by Dr. Blair, is not admissible for reasons already discussed in the Memorandum Opinion. (*Id.* at 5-7). It is not actually psychological evidence that goes to specific intent because it does not show that Defendant lacked specific intent, but that his "condition caused him to avoid filing the tax returns." (Doc. #55 at 3) (filed under seal).

Furthermore, even if this proffer involved "psychiatric evidence to negate specific intent," it would not, if believed, support a legally acceptable theory of lack of *mens rea*. The report discusses Defendant's mental condition at the time that Dr. Bair examined him. The report discusses an examination that occurred on October 28, 2009 (Doc. #21 at 2) (filed under seal) and, to be sure, Defendant states that Dr. Bair examined him, at earliest, on October 24, 2009 and subsequently in 2009 and 2010 (Doc. #55 at 2) (filed under seal). The Information charges that Defendant violated 18 U.S.C. § 7203 in 2006, 2007, and 2008. In other words, the evidence, even if believed, would not actually relate to Defendant's mental state *at the time of the offense*. This has already been thoroughly discussed in the Memorandum Opinion. Therefore, Defendant's Motion for Reconsideration is due to be denied.

A separate order in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this ____13th____ day of May, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE